IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CSMC 2006-C5 OFFICE 4545, LLC, an Oklahoma limited liability company, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case Number CIV-14-0318-C |
| VINOD K. GUPTA, an individual, ) ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff holds a note arising from a loan on property located in Oklahoma known as the Lincoln Plaza Office Building, LLC. A company owned in part by Defendant, namely CR Operating Company, took out the loan to purchase the building. As required by the lender, Defendant, individually, signed an Indemnity and Guaranty Agreement. In 2010, the property was significantly damaged in a hail storm. Sometime thereafter, it fell into foreclosure. After the hail storm, the insurer for the property tendered proceeds of about $3,000,000 to Defendant. Believing that those proceeds were retained by Defendant in contravention of the loan agreements, Plaintiff began proceedings against Defendant to recover the insurance payment.

Plaintiff originally filed its action against Defendant in federal court in California. That case was dismissed due to a subject matter jurisdiction problem. At the time of filing, a question existed in California regarding whether Wells Fargo, who is Plaintiff's parent company, was a citizen of South Dakota or California. The California judge issued a show cause order, which went unanswered. Faced with dismissal, Plaintiff opted to dismiss the

California action without prejudice. After the dismissal, the Court of Appeals for the Ninth Circuit held in Rouse v. Wachovia Mortg., FSB, 747 F.3d 707 (9th Cir. 2014), that Wells Fargo is a South Dakota citizen. Rather than re-file in California, Plaintiff elected to proceed in the District Court of Oklahoma County. Defendant removed the action to this Court and filed a Motion to Dismiss for lack of personal jurisdiction or to transfer venue, arguing that Oklahoma was an improper forum.

After consideration of the parties' briefs, exhibits, and argument, the Court finds the question of venue dispositive. Venue is governed by 28 U.S.C. § 1391(b): "A civil action may be brought in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Here, the event which gave rise to the claim brought by Plaintiff was Defendant's alleged retention of insurance proceeds. It is recovery of the money paid that Plaintiff seeks. Thus, the act which gave rise to the claim or the property that is part of the claim is those proceeds, not the real property in Oklahoma. Defendant resides in California, and any insurance proceeds he may have received would have been received by him in California. To the extent they were improperly retained by Defendant, that act occurred in California, not Oklahoma.

Additionally, as Plaintiff notes, the Guaranty was signed in California and required payments to be made in either New York or Missouri. There simply is no connection between the obligations under the Guaranty or the receipt of insurance proceeds with Oklahoma. Indeed, the only Oklahoma connection is that the office building was located

here. However, that building has only a tangential relationship to the subject of Plaintiff's action. Consequently, the Court finds that Oklahoma is not a proper venue under § 1391 and this case should be transferred to the Central District of California, as that is the judicial district in which Defendant resides and venue would therefore be proper under § 1391(b)(1).

For the reasons set forth herein, Defendant's Motion to Dismiss or Transfer Venue (Dkt. No. 7) is GRANTED in part. The Court finds venue is not proper in Oklahoma and the Clerk of the Court is directed to take the steps necessary to transfer this case to the United States District Court for the Central District of California. Because of this result, the Court does not reach the issue of personal jurisdiction.

IT IS SO ORDERED this 18th day of June, 2014.

ROBIN J. CAUTHRON
United States District Judge